## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation, | Court File No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Comfortaire Direct LLC, and Comfortaire Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Select Comfort Corporation ("Select Comfort"), for its Complaint against Defendants Comfortaire Direct, LLC ("Comfortaire Direct") and Comfortaire Corporation ("Comfortaire"), states:

### NATURE OF THIS ACTION

1.     This is an action for damages and injunctive relief arising out of Defendants' unauthorized, false and misleading use of Select Comfort's Sleep Number® and Select Comfort® trademarks and trade dress, and false and deceptive statements made to Minnesota consumers on Defendants' websites.

### PARTIES

2.     Select Comfort is a Minnesota corporation with its principal place of business in Minnesota.

3.     Comfortaire Direct is a South Carolina limited liability company with its principal place of business in South Carolina.

4.     Comfortaire is a South Carolina corporation with its principal place of business in South Carolina.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

6.     This Court has personal jurisdiction over Defendants.  Defendants have purposefully, continuously and systematically conducted business in Minnesota by, *inter alia*, advertising, promoting and selling their air bed mattress products in Minnesota.  Defendants' advertising, promotion and selling is conducted primarily through a highly interactive website with the domain name comfortairedirect.com, through which Defendants offer for sale and sell products to Minnesota residents by making deceptive and misleading statements and by infringing Select Comfort's trademarks and trade dress.  Defendants thus transact business over the internet with Minnesota residents, enter into contracts with Minnesota residents via the internet, and collect payment for products from Minnesota residents via the internet.  Defendants additionally offer their products for sale to Minnesota residents through Minnesota retail furniture stores, including HOM Furniture and Sleep Concepts Mattress & Futon Factory.  Defendants have willfully engaged in unauthorized, false and misleading uses of Select Comfort's trademarks and trade dress, which has caused and continues to cause harm to Select Comfort, a Minnesota resident.    Defendants continue to engage in unauthorized, false and

misleading use of Select Comfort's trademarks even after the nature of these uses have been brought to Defendants' attention by Select Comfort.

## FACTS

7.      Select Comfort designs, manufactures and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States.  Select Comfort's Sleep Number bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort and firmness.  Studies show that the Sleep Number® bed relieves back pain and improves sleep quality.

8.      Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633, 2,618,999, 2,641,045 and 2,702,762.  True and correct copies of these registrations are attached as Exhibit A.

9.      Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562, 1,590,557 1,976,214, 2,702,763, 2,801,405,  and 2,803,623.  True and correct copies of these registrations are attached as Exhibit B.

10.     Select Comfort has an excellent reputation for both its unique product line and superior quality of its products and services.  Select Comfort was ranked the number one bedding retailer in the United States by *Furniture/Today* for nine consecutive years.

11.     Sleep Number® beds and accessories are available nationwide at Select Comfort retail stores in major shopping malls, at selected furniture retailers, through the

company's national direct marketing operations, as well as through Select Comfort's website at selectcomfort.com and sleepnumber.com.

12.     Select Comfort markets its Sleep Number® beds and related goods through extensive advertising in media including but not limited to newspapers, national circulation magazines, direct mailings and television commercials and infomercials.

13.     As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

14.     As a result of widespread use in connection with the advertising and promotion of its Sleep Number® beds and related products, Select Comfort has developed substantial good will and national recognition in its Sleep Number® and Select Comfort® marks as a source of high-quality mattresses and bedding products.

15.     Indeed, the Sleep Number® and Select Comfort® marks have become two of the most widely recognized trademarks in the bedding industry.

## DEFENDANTS AND THEIR ACTIVITIES

16.     Defendants operate a website, comfortairedirect.com, through which they sell air mattresses and related products to purchasers in all 50 states, as well as internationally.

17.     Defendant Comfortaire also operates a website at comfortaire.com.

18.     In connection with the sale and promotion of its air bed and related products, Defendants engage in unauthorized uses of Select Comfort's Sleep Number® and Select Comfort® trademarks.

19.     Defendants have no rights in the Sleep Number® and Select Comfort® trademarks.

20.     On information and belief, Defendants purchase Select Comfort trademarks as search terms through Google's Adwords program.

21.     On information and belief, Defendants purchase the search term "Select Comfort" through Google's Adwords program.

22.     On information and belief, Defendants purchase the search term "Sleep Number" through Google's Adwords program.

23.     As a result of the above-described search term purchases, users searching for Select Comfort products by inputting the search terms "Select Comfort" or "Sleep Number" are presented links to Defendants' websites among the Google Sponsored Links prominently displayed near the top of the search results page.

24.     Defendants' purchase of the Adwords "Select Comfort" and "Sleep Number" was made with knowledge of Select Comfort's rights in these marks.

25.     Defendants' purchase of the Adwords "Select Comfort" and "Sleep Number" is intended as a means of advertising their products on the internet.

26.     Defendants' purchase of the Adwords "Select Comfort" and "Sleep Number" allows Defendants to use Select Comfort's own marks in commerce to promote, sell, offer for sale or otherwise distribute Defendants' own products.

27.     Defendants purchased the Adwords "Select Comfort" and "Sleep Number" to lure consumers, cause confusion, or divert customers seeking Select Comfort's goods, services, or website.

28.     Defendants further attempt to deceive consumers, as well as Google's search algorithm, through the use of confusing and infringing page headings displayed in the Google search results, such as by inserting the phrase "55% off" into Select Comfort's trademarks.

29.     A user searching for "Select Comfort" products may be shown a link titled "Select 55% Off Comfort Bed," as reflected below, but this link leads to a website operated by Defendants.



30.     A user searching for "Sleep Number" products may be shown a link titled "Sleep 55% Off Number Bed," as reflected below, but this link leads to a website operated by Defendants.



31.     Defendants have wrongfully diverted sales from Select Comfort to Defendants.

32.     Defendants have realized sales from customers who entered "Select Comfort" or "Sleep Number" as search terms in Google.

33.     Select Comfort has lost sales due to Defendants' illegal purchase of Select Comfort trademarks as Adwords.

34.     Consumers who click the Google links or otherwise visit Defendants' websites are subjected to further deceptive and infringing uses of Select Comfort's trademarks.

35.     Consumers who visit the "Learning Center" page at http://www.comfortaire.com/learningcenter.asp are presented with a link titled "Real Sleep Numbers," as depicted below:



36.     Consumers who visit the comfortairedirect.com website are presented with advertising for a "Limited Time **Online Edition** – Save Over Sleep Number Bed."

37.     Such advertising falsely suggests that consumers can purchase an "online edition" of Select Comfort's Sleep Number bed through Defendants' website.

38.     The trade dress of the comfortairedirect.com website is designed to replicate and to be confusingly similar to the trade dress of Select Comfort's own website, as depicted below.

*Select Comfort's website*:



*Comfortaire Direct website*:



39.     This similar trade dress falsely suggests to consumers that Defendants' website is somehow affiliated with or sponsored by Select Comfort.

40.     The comfortairedirect.com website makes extensive and repeated further uses of the Sleep Number® and Select Comfort® trademarks, far beyond the minimal use necessary to identify Select Comfort's products for comparison purposes, and in a manner likely to cause confusion among consumers.

41.     The comfortairedirect.com website includes additional uses of or variations on Select Comfort's trademarks that are likely to cause confusion among consumers, such as tagline "Select Your Number," which combines the Select Comfort® and Sleep Number® marks.

42.     On information and belief, Defendants use Select Comfort's own trademarked marketing materials in selling Defendants' products, and instruct their salespeople, affiliates, distributors, and retailers to do the same.

43.     On information and belief, Defendants directly encourage their salespeople, affiliates, distributors, and retailers to advertise using Select Comfort's marks and to otherwise attempt to confuse consumers about the source, sponsorship, or affiliation of Defendants' and their products.

44.     Defendants began their uses of the Sleep Number® and Select Comfort® trademarks as described herein long after Select Comfort began using said marks.

45.     The products which Defendants advertise and sell in connection with their unauthorized use of Select Comfort's trademarks and trade dress are highly related to the products sold by Select Comfort in connection with Select Comfort's use of the Sleep Number® and Select Comfort® trademarks.

46.     By incorporating and using Select Comfort's marks, Defendants are unfairly trading on the good will and reputation for high quality earned by Select Comfort over the years.

47.     The unauthorized use of Select Comfort's trademarks and trade dress by Defendants in the manner described above is likely to cause confusion and/or deceive customers and potential customers of the parties, as to some affiliation, connection or association of Defendants with Select Comfort, or as to the origin, sponsorship, or approval of the goods of Defendants by Select Comfort.

48.     The unauthorized use of Select Comfort's trademarks and trade dress by Defendants in the manner described above falsely designates the origin of the goods of Defendants, and falsely and misleadingly describes and represents facts with respect to Defendants and the goods of Defendants.

49.     The unauthorized use of Select Comfort's trademarks and trade dress by Defendants in the manner described above enables Defendants to trade on and receive the benefit of good will in Select Comfort's trademarks which Select Comfort has built up at great labor and expense over many years.  This unauthorized use by Defendants also enables Defendants to gain acceptance for their own goods, not solely on the merits of those goods, but on the reputation and good will of Select Comfort and its own trademarks.

50.     The Sleep Number® and Select Comfort® trademarks are famous marks as that term is defined in 15 U.S.C. 1125(c)(1).

51.     The unauthorized use of the Sleep Number® and Select Comfort® trademarks by Defendants in the manner described above is likely to dilute the distinctive quality of Select Comfort's Sleep Number® and Select Comfort® marks.

52.     The unauthorized use of Select Comfort's trademarks and trade dress by Defendants in the manner described above unjustly enriches Defendants at Select Comfort's expense.

53.     The unauthorized use of Select Comfort's trademarks by Defendants in the manner described above removes from Select Comfort the ability to control the nature and quality of the products provided under those marks and places the valuable reputation and good will of Select Comfort in the hands of Defendants, and others, over whom Select Comfort has no control.

54.     The unauthorized use of Select Comfort's trademarks by Defendants in the manner described above is false and misleading.

55.     Select Comfort has, on many occasions, provided notice to Defendants of the improper use of Select Comfort's marks and demanded that Defendants cease the unauthorized uses of the marks.  Defendants failed and refused to comply with Select Comfort's rightful requests and demands.

56.     Defendants' website FAQ at http://www.comfortairedirect.com/pages/ FAQ/ claims that Defendants' products are "Made in the USA."

57.     Based on Select Comfort's extensive corporate knowledge and research about the supply and manufacture of adjustable firmness airbeds, Select Comfort alleges

on information and belief that the air chambers used in Defendants' airbeds, and perhaps other components, are not manufactured in the United States.

58.    As a result, Select Comfort is informed and believes that Defendants' representations that their products are "Made in the USA" are false, deceptive, or misleading, and in violation of Federal Trade Commission regulations.

59.    Defendants further claim that Comfortaire was the "original air bed company" and the "inventor" of the adjustable supported airbed.

60.    Based on Select Comfort's extensive corporate knowledge of the adjustable firmness airbed industry and its history, Select Comfort alleges on information and belief that Defendants' claims that Comfortaire was the "original air bed company" and the "inventor" of the adjustable supported airbed are false, deceptive, or misleading.

61.    Defendants claim that their beds are rated highest in value and consumer satisfaction by "independent sleep researchers."

62.    A further review of Defendants' website suggests that the "independent sleep researchers" in question are not doctors, academics, experts, or even "sleep researchers," but instead are laypersons who read internet message board postings, retailer websites, and unspecified "product review websites," and perform occasional personal interviews, and attempt to create "ratings" from these anecdotal sources.

63.    Defendants' claims that its beds are rated highest in value and consumer satisfaction by "independent sleep researchers" are false, deceptive, or misleading.

64.    Defendants' website FAQ claims that Comfortaire Direct offers "twice the full warranty of a Sleep Number Bed®."

65.    Select Comfort provides a two-year "no cost" limited warranty for covered defects; however, the majority of Defendants' models are also subject to a similar two-year "no cost" limited warranty for covered defects.  Only a few of Defendants' products are actually subject to a four-year "no cost" limited warranty for covered defects.

66.    Defendants claim to offer "2 year full" and "4 year full" warranties.

67.    However, Defendants limit these warranties by, for example, limiting coverage to first purchasers and by requiring shipping at the customer's expense after one year from the purchase date.

68.    No warranty offered by Defendants is a "full warranty" as provided by federal law.

69.    Defendants' claims that Comfortaire Direct offers "twice the full warranty of a Sleep Number Bed®" are false, deceptive, or misleading.

70.    Defendants prominently display on the comfortdirect.com website heading a graphic proclaiming a "20 year warranty," as enlarged and depicted below:



71.    Defendants' claims of a "20 year warranty," without a conspicuous statement that the offered warranty is in fact a limited warranty, are false, deceptive, or misleading, and in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

72.    Defendants' use of the term "full" to describe warranties that are not in fact full warranties under federal law is false, deceptive, or misleading, and in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

73.    Defendants expect that consumers will rely on Defendants' false, deceptive, or misleading representations in purchasing products from Defendants.

74.    Consumers do rely, and have relied, on Defendants' false, deceptive, or misleading representations in purchasing products from Defendants.

75.    Defendants' acts as described above have injured Select Comfort by diverting customers from Select Comfort.

76.    Defendants' false, deceptive, or misleading representations have caused injury to Select Comfort.

77.    Defendants' acts complained of herein were and continue to be committed willfully and intentionally.

78.    Select Comfort has suffered and will continue to suffer monetary damages as a result of Defendants' wrongful acts.

79.    Defendants' activities have caused irreparable injury to Select Comfort and, unless enjoined by this Court, will continue to cause irreparable injury to Select Comfort,

Minnesota consumers, and the public at large.  There is no adequate remedy at law for this injury.

### COUNT ONE

### <u>FEDERAL TRADEMARK INFRINGEMENT</u>

80.    Select Comfort repeats the allegations above as if fully set forth herein.

81.    The acts of Defendants complained of herein constitute infringement of Select Comfort's federally registered marks in violation of 15 U.S.C. § 1114(1).

82.    Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT TWO

### <u>FEDERAL UNFAIR COMPETITION</u>

83.    Select Comfort repeats the allegations above as if fully set forth herein.

84.    The acts of Defendants complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a).

### COUNT THREE

### <u>FEDERAL DILUTION OF TRADEMARK</u>

85.    Select Comfort repeats the allegations above as if fully set forth herein.

86.    The acts of Defendants complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## COUNT FOUR

### FALSE ADVERTISING – 15 U.S.C. § 1125(a)

87.     Select Comfort repeats the allegations above as if fully set forth herein.

88.     The acts of Defendants complained of herein constitute the making of false representations, claims and statements in connection with goods distributed in interstate commerce in violation of 15 U.S.C. § 1125(a).

## COUNT FIVE

### DECEPTIVE TRADE PRACTICES

89.     Select Comfort repeats the allegations above as if fully set forth herein.

90.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325(D).44 *et seq.*

## COUNT SIX

### UNLAWFUL TRADE PRACTICES

91.     Select Comfort repeats the allegations above as if fully set forth herein.

92.     The acts of Defendants complained of herein constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*

## COUNT SEVEN

### FALSE STATEMENTS IN ADVERTISING

93.     Select Comfort repeats the allegations above as if fully set forth herein.

94.     The acts of Defendants complained of herein constitute false statements in advertising in violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.

## COUNT EIGHT

## CONSUMER FRAUD

95.     Select Comfort repeats the allegations above as if fully set forth herein.

96.     The acts of Defendants complained of herein constitute consumer fraud in violation of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 *et seq.*

## COUNT NINE

## UNJUST ENRICHMENT

97.     Select Comfort repeats the allegations above as if fully set forth herein.

98.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Select Comfort's expense.

## PRAYER FOR RELIEF

WHEREFORE, Select Comfort prays for judgment as follows:

1.     A permanent injunction enjoining and restraining Defendants and their agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendants:

> a.     from the use, in any manner whatsoever, including keyword purchasing, of the marks Sleep Number® or Select Comfort®, or combinations or variations thereof, including phonetic equivalents;

     b.     from using any of the false and/or misleading advertising statements described above;

     c.     to deliver up for destruction, or otherwise destroy all advertising and promotional materials containing any use of the Sleep Number® or Select Comfort® trademarks or any false or misleading statements; and

     d.     with such injunction including a provision directing Defendants to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

2.     Requiring a payment of damages or an accounting of profits made by Defendants as a result of the acts complained of herein;

3.     Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

4.     Awarding prejudgment interest; and

5.     Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

     b.     from using any of the false and/or misleading advertising statements described above;

     c.     to deliver up for destruction, or otherwise destroy all advertising and promotional materials containing any use of the Sleep Number® or Select Comfort® trademarks or any false or misleading statements; and

     d.     with such injunction including a provision directing Defendants to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

2.     Requiring a payment of damages or an accounting of profits made by Defendants as a result of the acts complained of herein;

3.     Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

4.     Awarding prejudgment interest; and

5.     Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort requests a trial by jury on all claims and issues triable by jury.


Dated:  March 10, 2011            **OPPENHEIMER WOLFF & DONNELLY LLP**


                                  By:     s/ Andrew S. Hansen
                                       Andrew S. Hansen (# 285894)
                                       Adam C. Trampe  (# 349240)

                                  3300 Plaza VII Building
                                  45 South Seventh Street
                                  Minneapolis, Minnesota  55402
                                  Telephone:  (612) 607-7000
                                  Fax Telephone:  (612) 607-7100


                                  **ATTORNEYS FOR PLAINTIFF SELECT
                                  COMFORT CORPORATION**